**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4851**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JUAN EVANGELISTA CASTRO,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Samuel G. Wilson, District
Judge.  (5:06-cr-00054-sgw)

Submitted:  March 5, 2008          Decided:  April 14, 2008

Before MICHAEL and KING, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron L. Cook, AARON L. COOK, PC, Harrisonburg, Virginia, for
Appellant.  John L. Brownlee, United States Attorney, Ray B.
Fitzgerald, Jr., Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Evangelista Castro appeals his jury convictions for conspiracy to distribute five hundred grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (2000); and possession with the intent to distribute five hundred grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (2000).  He was sentenced to 324 months' imprisonment.  Finding no error, we affirm.

Castro first claims the district court erred in denying him a hearing under Franks v. Delaware, 438 U.S. 154 (1978).  In order to establish a Franks hearing is warranted, a defendant must "(1) 'make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit,' and (2) that the statement was necessary to the finding of probable cause."  United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994) (quoting Franks, 438 U.S. at 171-72).  "This showing 'must be more than conclusory' and must be accompanied by a detailed offer of proof."  United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (quoting Franks, 438 U.S. at 171).

Police officers utilized confidential informants to make controlled buys of methamphetamine from a group of individuals.  Officers did not know the identity of any of the individuals except that one went by the name "Pedro" and lived in a trailer park where

some of the purchases had taken place. The individuals utilized the same vehicle in all of the transactions. After one purchase, officers followed the vehicle from the purchase to an apartment complex. The vehicle was registered in the name of Castro living at the apartment where the vehicle parked.

Police Investigator Doug Miller prepared an affidavit and search warrant for the apartment. Miller did not list any names, but instead stated that a controlled purchase had been made from a subject in a vehicle that officers had followed back to the apartment. Castro claimed Miller purposely tried to mislead the magistrate judge because Miller knew the "subject" listed in the affidavit was co-conspirator Pedro Alonzo, who lived at a different residence.

Miller testified he did not know Alonzo was the driver until after the search and that he did not include the name of the subjects at the apartment to mislead the magistrate judge, but because the actual residents were unknown at that time. As the district court noted, the affidavit contains factual gaps and is not well written. However, that does not prevent the affidavit from establishing probable cause, and there is no indication that Miller intended to deceive the magistrate judge or displayed a reckless disregard for the truth. We therefore conclude the district court did not err in denying Castro's Franks motion.

Castro next claims the district court erred when it denied his motion for a new trial. A district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997). This court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995).

At trial, police officers testified that no Spanish interpreter was present during the search of Castro's residence or later during interviews and that Castro effectively communicated with them in English. Castro testified an interpreter was present with police at all times. After the conclusion of the trial, Castro filed a motion for a new trial claiming as new evidence that the Government presented "false evidence" to the jury. At an evidentiary hearing, an interpreter testified he was present during the search of Castro's apartment and police interviews.

The basis for Castro's motion for a new trial was newly discovered evidence. In order to warrant a new trial based on newly discovered evidence, a defendant must show: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the

- 4 -

evidence is "not merely cumulative or impeaching"; (4) the evidence is material; and (5) the evidence "would probably result in an acquittal at a new trial." United States v. Lofton, 233 F.3d 313, 318 (4th Cir. 2000) (internal quotation marks omitted). Unless the defendant demonstrates all five of these factors, the motion should be denied. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).

The evidence of the interpreter's presence is merely impeaching evidence. Castro's attorney asked the officers about the presence of the interpreter in an attempt to impeach their recollection of the events. Castro argues the presence of the interpreter was central to his case, but the only value of the evidence is to prove the officers did not properly recollect the search of Castro's apartment. Under the third prong of the Chavis case, a new trial on the basis of this evidence is not appropriate because the evidence is merely impeaching. We also conclude the evidence would likely not result in an acquittal at a new trial because it does not change the physical evidence found at the apartment or the other testimonial evidence. The district court therefore did not abuse its discretion in denying Castro's motion for a new trial.

Castro next claims the court erred when it enhanced his sentence for perjury. During his testimony, Castro admitted using methamphetamine with Pedro Alonzo. Castro admitted he traveled to

North Carolina with Alonzo to pick up packages from Alonzo's source, but he claimed to not know what was in the packages. He admitted giving $4000-4500 for the packages, but stated the money was a loan intended for a child in Mexico with cancer.

Castro also testified that he provided money to others to buy drugs and that "the only thing I thought was that [his friends] were selling drugs." He insisted "these people were using me to perhaps keep drugs in something I had no experience in." Castro testified that a friend had given him the sweater that contained the methamphetamine in his closet. He knew there were packages in the sweater, but he did not know what they contained.

The sentencing court must impose a two-level adjustment under U.S.S.G. § 3C1.1 if the defendant willfully obstructed or impeded the administration of justice during the investigation, prosecution, or sentencing of the offense of conviction and any relevant conduct relating to the offense of conviction. The adjustment applies when the district court determines that a defendant committed perjury. U.S.S.G. § 3C1.1 cmt. 4(b); see also United States v. Dunnigan, 507 U.S. 87, 94 (1993). The adjustment for perjury is not applicable merely because the defendant testified and was subsequently convicted. Dunnigan, 507 U.S. at 95. The court must find that the defendant gave false testimony under oath "concerning a material matter with the willful intent to

provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94.

Castro argues the district court imposed the enhancement automatically because he testified and was convicted. However, Castro's testimony directly and materially contradicted the jury's finding of guilt, indicating that the jury had found that he falsely testified. Castro does not argue that the testimony was the result of confusion, mistake, or faulty memory. Thus, we conclude that the court did not err when enhancing Castro's sentence for obstruction of justice.

Castro finally claims the court erred in calculating the drug quantity attributable to him at sentencing. At sentencing, the quantity and nature of drugs attributable to a defendant may be established by a preponderance of the evidence, and sentencing findings in that regard are to be disturbed only if they are clearly erroneous. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). A sentencing court has broad discretion concerning its determination of the nature and quantity of such drugs. See Cook, 76 F.3d at 604.

The district court found the quantity of drugs attributable to Castro exceeded the five-kilogram threshold required for a base offense level of thirty-six. The court came to this conclusion by a preponderance of the evidence by combining a

ten—pound shipment (the remnants of which were found in Castro's closet) with the other trips made by Castro to North Carolina with Alonzo. Alonzo specifically remembered a two—pound and a three—pound shipment of methamphetamine. Though Castro questions the credibility of Alonzo's testimony, the district court found it credible, and such witness credibility determinations are generally given deference on appeal. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). Castro also questions the court's calculations, but the court declined to make a precise determination because the quantity exceeded five kilograms. Adding the three shipments, the total equals 6.82 kilograms, an amount in excess of the five-kilogram threshold. We therefore find no clear error in the court's calculation of drug quantity.

Accordingly, we affirm Castro's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED